UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 19 2006

at __11__ o'clock and ____ min. __ M
SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>EUGENE KIA,<br><br>Defendant - Appellant. | No.  05-10329<br>D.C. No.  CR-04-00224-HG<br><br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 03/07/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAY 15 2006

by: _____
Deputy Clerk

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 07 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> EUGENE KIA, <br><br> Defendant - Appellant. | No. 05-10329 <br><br> D.C. No. CR-04-00224-HG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted February 17, 2006
San Francisco, California

Before: HUG, ALARCÓN, and McKEOWN, Circuit Judges.

Eugene Kia entered a conditional guilty plea to one count of possession of a prohibited and unregistered firearm in violation of 26 U.S.C. § 5861(d). Mr. Kia appeals from the denial of his motion to suppress the weapons and ammunition seized during the execution of a search warrant. Mr. Kia argues that the warrant

---

    *    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

did not meet the probable cause and particularity requirements of the Fourth Amendment. We affirm because we conclude that there was probable cause to believe that evidence of drug trafficking, including weapons, would be found at Mr. Kia's residence.

I

Officer Darryl Fernandez of the Hawaii County Police Department obtained a warrant to search Mr. Kia's residence and surrounding area for methamphetamine, drug paraphernalia, firearms, and evidence of ownership of the premises to be searched. The affidavit supporting the warrant application stated that a reliable informant told Officer Fernandez that Mr. Kia was distributing methamphetamine from his residence, and that the informant subsequently made a controlled purchase of crystal methamphetamine from Mr. Kia, under Officer Fernandez's direction. In his affidavit, Officer Fernandez alleged that he had extensive formal training and experience investigating drug trafficking operations, that when executing search warrants, drugs and drug paraphernalia are often found in vehicles parked on the property, and that currency and firearms are commonly found with or near controlled substances. He also alleged that "drug dealers frequently have firearms to protect them[selves] from being 'ripped off' by drug customers or other drug dealers."

The warrant specifically authorized the search of Mr. Kia's residence, its surrounding grounds, and any vehicles parked thereon, for: methamphetamine and related paraphernalia; personal property that would indicate control of the premises where contraband was found; any records relating to methamphetamine transactions; currency that would constitute evidence of the sale of methamphetamine; documents that would establish ownership of vehicles on the premises; and, firearms and ammunition.

In executing the warrant, the officers discovered drugs, drug paraphernalia, ammunition, and three firearms - a Jennings J-22 .22 caliber long rifle found in a bedroom, and a Savage Arms Corporation model 340D .223 caliber rifle and a Hi-Standard 12 gauge shotgun that were recovered from a Ford pickup truck parked on the premises. A grand jury indicted Mr. Kia on two counts of firearm possession.

The district court denied Mr. Kia's motion to suppress the evidence. Mr. Kia entered a conditional guilty plea to one count of possession of a prohibited and unregistered firearm in violation of 26 U.S.C. § 5861(d), reserving his right to appeal the denial of his motion to suppress evidence. Mr. Kia has timely appealed from the order denying his suppression motion.

## II

Mr. Kia contends that the district court erred in denying his motion to suppress because the warrant expressly limited the items to be seized by reference to extrinsic documents which were not attached to the warrant when the search was executed, and failed to set forth the suspected criminal activity. He argues that these alleged deficiencies made the warrant insufficiently particular. Mr. Kia also contends that the warrant lacked particularity because it authorized the search of *all* vehicles parked at his property, including any vehicles that belonged to other persons. Mr. Kia further maintains that the warrant was overly broad in that it authorized a search for firearms and ammunition, which were not sufficiently linked to the alleged drug trafficking charge. We review the denial of a motion to suppress de novo, and the district court's underlying factual findings for clear error. *United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir. 2002).

A magistrate judge's finding of probable cause to support a search warrant is entitled to great deference. *United States v. Clark*, 31 F.3d 831, 834 (9th Cir. 1994). A reviewing court may not find a search warrant invalid if the judge had a "substantial basis," under the totality of the circumstances presented in the affidavit, for concluding that the supporting affidavit established probable cause. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *Clark*, 31 F.3d at 834. Probable

cause to justify a search warrant exists when there is a sufficient showing that incriminating items are located on the property to which entry is sought. *United States v. Rabe*, 848 F.2d 994, 997 (9th Cir. 1988).

For a search to be reasonable, the warrant must also be specific. *In re Grand Jury Subpoenas*, 926 F.2d 847, 856 (9th Cir. 1991). To determine whether a warrant is sufficiently specific, we examine both the warrant's particularity and breadth. *Id.* Particularity is the requirement that the warrant clearly state what is sought. *Id.; see United States v. Spilotro*, 800 F.2d 959, 963-64 (9th Cir. 1986) Breadth deals with the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based. *In re Grand Jury Subpoenas*, 926 F.2d at 856-57.

Officer Fernandez's affidavit set forth facts demonstrating probable cause to believe that a search would uncover evidence of methamphetamine trafficking at Mr. Kia's residence. It set forth, in detail, the Government's bases for requesting the warrant. *See United States v. Bridges*, 344 F.3d 1010, 1015 (9th Cir. 2003) (an affidavit in support of a search warrant is more than sufficient to demonstrate probable cause where it sets forth the Government's bases for requesting a warrant and specifically outlines the alleged criminal activity).

Mr. Kia also argues that the district court erred in finding that the warrant was sufficiently particular without the inclusion of the documents it referenced. We disagree. The warrant provided, on its face, adequate indicia of the officers' lawful authority to conduct the search, and objective standards by which the executing officers could differentiate what items were subject to seizure (methamphetamine and related drug paraphernalia, and evidence of methamphetamine sales and distribution, including records relating to methamphetamine transactions). The warrant stated that Mr. Kia was suspected of distributing methamphetamine and specified that the officers could search Mr. Kia's residence, the surrounding grounds, and any vehicles parked thereon. *See In re Grand Jury Subpoenas*, 926 F.2d at 857 (warrant must particularly describe place to be searched, things to be seized, and make clear to the executing officer exactly what is authorized for search and seizure); *see also United States v. Gantt*, 194 F.3d 987, 991 (9th Cir. 1999).

Mr. Kia argues that the warrant lacked particularity because it authorized the search of *all* vehicles parked at his property. For purposes of the suppression motion, the parties stipulated that "[t]wo firearms were recovered from the Ford pickup truck located on Defendant's property and a firearm was recovered from a bedroom in Defendant's residence." The pickup truck was the only vehicle

6

searched. Though Mr. Kia has not expressly admitted or denied ownership of the pickup truck, his ownership of, or privacy interest in, the vehicle is presumed since he would otherwise lack standing to bring a Fourth Amendment claim challenging the search. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Only the vehicle's owner or an individual with a legitimate privacy interest in the vehicle may challenge the search.").

Furthermore, the record demonstrates that Mr. Kia possessed the weapons that were found in a pickup truck under his control. After the police found a shotgun in the pickup truck, Mr. Kia stated that "there was also a '223' in the truck." "A search warrant authorizing a search of a particularly described premises may permit the search of vehicles owned or controlled by the owner of, and found on, the premises." *United States v. Duque*, 62 F.3d 1146, 1151 (9th Cir. 1995) (quoting *United States v. Percival*, 756 F.2d 600, 612 (7th Cir. 1985)); *see also United States v. Spearman*, 532 F.2d 132, 133 (9th Cir. 1976) (the magistrate judge was justified in inferring probable cause to search Spearman's vehicle for heroin where direct observation connected heroin sales to a residence, and the officer's affidavit stated that heroin dealers often keep heroin where they live, in their vehicles and on their persons).

Mr. Kia argues further that the warrant was overly broad in that it authorized a search for firearms and ammunition which were not sufficiently linked to drug trafficking. Probable cause must exist to seize all the items of a particular type described in the warrant. *Spilotro*, 800 F.2d at 963.

Officer Fernandez's statement that, based on his training and experience, drug dealers frequently have firearms to protect themselves from being "ripped off" by drug customers or other drug dealers established a sufficient nexus between narcotics trafficking and Mr. Kia's possession of weapons. This court has recognized that "[f]irearms are known 'tools of the trade' of narcotics dealing because of the dangers inherent in that line of work." *United States v. Butcher*, 926 F.2d 811, 816 (9th Cir. 1991) (citing *United States v. Simon*, 767 F.2d 524, 527 (8th Cir. 1985)).

AFFIRMED.

```
INTERNAL USE ONLY: Proceedings include all events.
05-10329 USA v. Kia

UNITED STATES OF AMERICA          Edric Ching, Esq.
     Plaintiff - Appellee         FAX
                                  808/541-2850
                                  Suite 6-100
                                  [COR LD NTC aus]
                                  USH - OFFICE OF THE U.S.
                                  ATTORNEY
                                  PJKK Federal Building
                                  300 Ala Moana Blvd.
                                  P.O. Box 50183
                                  Honolulu, HI 96850

     v.

EUGENE KIA                        Alexander Silvert, Esq.
     Defendant - Appellant        FAX 808/541-3545
                                  808/541-2521
                                  Ste. 7104
                                  [COR LD NTC afp]
                                  FPDHI - FEDERAL PUBLIC
                                  DEFENDER'S OFFICE (HONOLULU)
                                  PJKK Federal Bldg.
                                  300 Ala Moana Blvd.
                                  Honolulu, HI 96850-5269
```